ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARY DAVIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:11-CV-648-Y** |
| | § | |
| **JOE KEFFER, WARDEN,** | § | |
| **FMC-CARSWELL,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. Parties

Petitioner Mary Davis, Reg. No. 13857-078, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

### C. Procedural History

On May 28, 2009, pursuant to a plea agreement, petitioner pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), in the United

States District Court for the Eastern District of Texas, Luftin Division, and was sentenced to a term of imprisonment of 100 months. *United States v. Davis*, U.S. Pacer, Criminal Docket for Case No. 9:08-CR-26-RC-ESH-2, docket entries 32, 36. Petitioner did not directly appeal her conviction or sentence. On February 10, 2012, petitioner filed a motion for a reduction of her sentence under 18 U.S.C. § 3582(c)(2) in the convicting court. *Id.*, docket entry 44) On February 21, 2012, the convicting court granted the motion, reduced petitioner's term of imprisonment to 84 months, and stated:

> If the term of imprisonment is less than the amount of time the defendant has already served, the sentence is reduced to "time served." This Order is subject to the prohibition contained in U.S.S.G. § 1B1.10(b)(2)(C). Moreover, imposition of this Order shall be stayed until ten (10) days after the order date.

*Id.,* docket entry 46.

Petitioner filed this federal petition under § 2241 in this division, where she is currently incarcerated. She raises two grounds for habeas relief: (1) her sentence was improperly enhanced based on prior convictions; and (2) paragraphs 52-59 of the presentence investigation report (PSI) called for a downward departure under USSG § 5H1.4 that was not applied. (Pet. at 5-6) The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 2-4)

D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his or her sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the

remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner claims she had no knowledge of her right to file a § 2255 motion prior to expiration of the time allocated to do so. (Pet. at 7) However, the fact that petitioner is barred under the statute of limitations from bringing a motion under § 2255 does not render the § 2255 remedy inadequate. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations. *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition.[1] *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

---

[1]Even if the court did have jurisdiction, it appears the petition would be moot because petitioner has received the relief sought in the petition.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 22, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 22, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED ~~February~~ March 2, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE